**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyson S. White, by and through his guardian, Rolly White,<br><br>              Plaintiff,<br><br>  vs.<br><br>State of Arizona, et al.,<br><br>              Defendants. | No.  CV 12-2415-PHX-RCB (JFM)<br><br>**O R D E R** |

**I.       Procedural History**

On October 19, 2012, Plaintiff Tyson S. White, by and through his guardian, Rolly White, who is represented by attorney Scott H. Zwillinger, has filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants State of Arizona, Charles S. Ryan, Robert C. Patton, Tara Diaz, Madeline Perkins, John Osborn, Sergeant Putnam, Doreen Nue, Jennifer Repp, Jose Buendia, and a variety of fictitiously named defendants.  On November 9, 2012, Defendant State of Arizona, who is represented by Assistant Arizona Attorney General Jonathan Weisbard, filed a Notice of Removal (Doc. 1).

**II.      Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction.  28

TERMPSREF

Case 2:12-cv-02415-RCB-JFM   Document 6   Filed 01/16/13   Page 2 of 5

U.S.C. § 1441(a). Plaintiff brings his lawsuit pursuant to 42 U.S.C. § 1983 and Arizona law. This Court's jurisdiction extends to such claims. 28 U.S.C. §§ 1331, 1343(a). Removal, therefore, is appropriate.

### III.  Procedural Defect

All proper defendants in a state-court action must join in or consent to the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), *superceded in unrelated part by statute as stated in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Defendant State of Arizona indicates on the Supplemental Cover Sheet (Doc. 1-2) that Defendants Ryan, Patton, Neu, Buendia, Putnam, and Repp were served prior to removal, but nothing in the Notice of Removal states or suggests that these Defendants have joined in or consented to the removal.

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Id.* Defendant State of Arizona has failed to do so. The Notice of Removal, therefore, appears to be procedurally defective. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

However, this defect is waiveable, *see Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002), and the Court cannot *sua sponte* remand based on a non-jurisdictional defect in removal. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003). Because Plaintiff did not file a timely motion to remand, the Court will proceed to screen Plaintiff's Complaint.

### IV.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

- 2 -

## V. Complaint

In his four-count Complaint, Plaintiff raises claims under 42 U.S.C. § 1983 and Arizona tort law regarding an assault on Plaintiff by prison gang affiliates in the recreation yard at the Arizona State Prison-Lewis (ASPC-Lewis) Stiner Unit, which caused Plaintiff severe and permanent brain damage. Plaintiff alleges that the assault continued until the assaulting inmates decided to stop because, at the time of the assault, no corrections officers were in the recreation yard, no corrections officers were in the guard tower that looked into the recreation yard, and no corrections officers were watching the recreation yard on any of the installed security cameras.

Plaintiff contends that Defendants Repp, Buendia, and Putnam knew that inmate assaults frequently occur in the recreation yard, the Stiner Unit was understaffed and overcrowded, security cameras are routinely inoperative or unmanned, the guard towers are unmanned, and no one was watching the inmates on the yard when the assault occurred. Plaintiff asserts that although Defendants Repp and Buendia were assigned to the recreation yard, they abandoned their posts to attend to other matters and did not request that other officers cover their assignments. Plaintiff also alleges that Defendant Putnam was Defendants Repp and Buendia's supervisor and was responsible for ensuring that they performed their job duties. Plaintiff claims Defendant Putnam knew or should have known that they abandoned their posts and failed to order them back to their posts or assign replacement officers.

Plaintiff asserts that Defendant Neu used the Arizona Department of Corrections electronic inmate management system to obtain personal information about Plaintiff and provided that information to the inmates who assaulted him. Plaintiff alleges that Defendant Neu knew or should have known that providing this information placed Plaintiff in grave and imminent danger of being harmed.

Plaintiff contends that Defendants Ryan, Patton, Diaz, Perkins, and Osborn knew or should have known that the Stiner Unit was unsecure and improperly supervised and presented an imminent and grave danger to inmates, yet failed to take steps to ameliorate

TERMPSREF

the danger. Plaintiff also alleges that Defendants Ryan, Patton, Diaz, Perkins, and Osborn were aware of the threat to inmates and staff by criminal gangs, yet failed to implement appropriate policies and procedures to address that threat. In addition, Plaintiff contends that Defendants Ryan, Diaz, Perkins, and Osborn knew that Defendant Neu had previously failed to perform her job properly in the past because Defendant Neu had been demoted for poor and improper job performance, yet Defendants Ryan, Diaz, Perkins, Patton, and Osborn allowed her be assigned to a job where she had access to sensitive and confidential inmate information.

In Count One, Plaintiff asserts that Defendants Repp, Buendia, Putnam, and Neu violated Plaintiff's Eighth Amendment rights because they were deliberately indifferent to Plaintiff's safety and well-being and, as a result, Plaintiff was severely and permanently injured. In Count Two, he claims that Defendants Ryan, Patton, Diaz, Perkins, and Osborn's conduct was objectively unreasonable, maliciously and deliberately indifferent to Plaintiff's constitutional rights, and without regard to the likelihood that harm would result. He claims they failed to operate ASPC-Lewis and the Stiner Unit in a manner that would provide a safe and secure environment for inmates housed there; failed to promulgate and implement proper and effective policies and procedures; failed to conduct regular inspections and reviews to ensure that the Stiner Unit was operated in a safe manner; failed to hire, train, retain, supervise, discipline, counsel, and control subordinate employees; failed to ensure inmates are appropriately housed; and failed to ensure that the Stiner Unit was not overpopulated and was sufficiently staffed.

In Count Three, Plaintiff asserts that Defendants were negligent and grossly negligent. In Count Four, Plaintiff alleges that Defendants State of Arizona, Ryan, Patton, Diaz, Osborn, and Perkins were negligent in hiring, training, supervising, disciplining, and terminating ADOC employees, officers, agents, and independent contractors.

Plaintiff seeks a jury trial, monetary damages, pre- and post-judgment interest, and

his attorney's fees and cost costs.

The Court will require Defendants to answer the Complaint.

**IT IS ORDERED:**

(1)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on any unserved Defendants within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(2)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(3)    Any answer or response must state the **specific Defendant** by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(4)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of January, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF