# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Rolly White,<br>Plaintiff<br>-vs-<br>State of Arizona, et al.,<br>Defendants. | CV-12-2415-PHX-RCB (JFM)<br><br>**Report and Recommendation<br>on Dismissal of Unserved Defendants** |

In their Joint Discovery Plan (Doc. 13), the parties reported that all parties have been served and appeared other than Defendant Patten. The parties reported that defense counsel was willing to accept service for Defendant Patten, but had not been authorized to do so.

Subsequently, the Court noted that the Answer filed on February 15, 2013 (Doc. 7) purported to have been filed on behalf of, *inter alia*, "Robert C. Patton and Jane Doe Patton." (Answer, Doc. 7 at 1.) That answer, was, however, filed prior to the Joint Discovery Plan indicating a lack of service and appearance by Patton. In addition, the Court noted that Defendants Unknown Osborn (named as Jane Doe Osborn/wife), and Unknown Parties (named as John and Jane Does 1-40), appeared to remain unserved and had not appeared.

Consequently, in its Order filed April 18, 2013 (Doc. 14), the Court ordered Plaintiff to file a memorandum showing cause why Defendants Patten, Unknown Osborn, and Unknown Parties should not be dismissed without prejudice for failure to effect timely service.

Plaintiff has not responded. No subsequent returns of service or answers have been filed with regard to such defendants.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."  In addition, the Court's Scheduling Order, filed February 19, 2013 (Doc. 8) advised Plaintiff that the presumptive maximum service date was March 18, 2013.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service.  *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Service on Defendants Patten, Unknown Osborn, and Unknown Parties has not been completed, and is past due.  Despite being explicitly directed to do so, Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on these defendants.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m),

Defendants Patten, Unknown Osborn, and Unknown Parties be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 14, 2014

12-2415o Order 14 04 11 re RR Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge